GIBSON, DUNN & CRUTCHER LLP
ANDREA E. NEUMAN, SBN 149733
ANeuman@gibsondunn.com
3161 Michelson Drive
Irvine, California 92612-4412
Telephone: 949.451.3800
Facsimile: 949.451.4220

GIBSON, DUNN & CRUTCHER LLP
SCOTT A. EDELMAN, SBN 116927
SEdelman@gibsondunn.com
2029 Century Park East, Suite 4000
Los Angeles, CA 90067-3026
Telephone: 310.552.8500
Facsimile: 310.551.8741

Attorneys for Applicant
CHEVRON CORPORATION

ORIGINAL

FILED
2010 APR -9 P 2: 44
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re Application of CHEVRON CORPORATION, a Delaware corporation,

Applicant.

CASE NO. CV 10 80081 MISC CRB

*EX PARTE* APPLICATION FOR ORDER UNDER 28 U.S.C. § 1782 PERMITTING CHEVRON CORPORATION TO ISSUE A SUBPOENA FOR THE PRODUCTION OF DOCUMENTS AND TESTIMONY FROM NETFLIX, INC.

Gibson, Dunn & Crutcher LLP

EX PARTE APPLICATION FOR ORDER UNDER 28 U.S.C. § 1782 PERMITTING CHEVRON CORPORATION TO ISSUE A SUBPOENA FOR THE PRODUCTION OF A DOCUMENTS AND TESTIMONY FROM NETFLIX

Based upon the annexed declaration of Scott A. Edelman ("Edelman Declaration") and the accompanying memorandum of points and authorities, Chevron Corporation ("Chevron") hereby applies to this Court *ex parte* for an Order, pursuant to 28 U.S.C. § 1782, and Rules 26, 30 and 45 of the Federal Rules of Civil Procedure, granting Chevron leave to serve Netflix, Inc. ("Netflix") with the subpoena annexed to the Edelman Declaration as Exhibit A.

The requested relief is for the purpose of obtaining limited, but necessary, discovery in connection with two civil proceedings currently pending before foreign tribunals: *Maria Aguinda y Otros v. Chevron Corporation*, a suit filed in 2003 against Chevron in the Provincial Court of Justice of Sucubíos in Lago Agrio, Ecuador (the "Lago Agrio Litigation"); and *Chevron Corporation and Texaco Petroleum Company v. Republic of Ecuador*, an international arbitration filed by Chevron and Texaco Petroleum Company against the Republic of Ecuador under the United Nations Commission on International Trade Law ("UNCITRAL") Rules pursuant to Article VI(3)(a) of the Bilateral Investment Treaty between the United States of America and the Republic of Ecuador (the "Treaty Arbitration").

Netflix, through its now-defunct Red Envelope Entertainment production label, produced a movie called "Crude" that concerns the Lago Agrio Litigation. Netflix now offers two different versions of "Crude" to the public: one through Netflix's video stream service over the internet, and the other on DVD. Chevron seeks the production of footage relating to "Crude" (including but not limited to the versions of "Crude" that Netflix makes available to the public by DVD and by live video stream), and documents and testimony relating to how and when Netflix acquired the various versions of this movie and how and when such versions were shot, prepared, or edited.

As detailed in the Memorandum of Points and Authorities, the content of the various public versions of "Crude" demonstrate that the requested documents and testimony are directly relevant to key issues in both the Lago Agrio Litigation and the Treaty Arbitration. These issues include the alleged harms to the people of the Oriente region, dubious claims of cancer, the conduct of judicial inspections, the development of supposedly neutral and independent expert reports that claim a $27.4 billion damage assessment, and the plaintiffs' efforts to obtain executive branch involvement in their litigation against Chevron.

Gibson, Dunn & Crutcher LLP

1

EX PARTE APPLICATION FOR ORDER UNDER 28 U.S.C. § 1782 PERMITTING CHEVRON CORPORATION TO ISSUE A SUBPOENA FOR THE PRODUCTION OF A DOCUMENTS AND TESTIMONY FROM NETFLIX

Chevron is a party to and thus an "interested person" in both the Lago Agrio Litigation and the Treaty Arbitration under Section 1782. Netflix is found within this district. Chevron thus meets all the statutory criteria for the issuance of an order allowing the requested discovery. 28 U.S.C. § 1782. Moreover, as set forth in its Memorandum of Points and Authorities filed concurrently herewith, all the discretionary factors that this Court may consider likewise favor granting this *ex parte* Petition. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004) (describing discretionary factors).

The United States District Court for the Southern District of New York recently denied a motion to stay the Treaty Arbitration and to enjoin all Section 1782 discovery relating to it, allowing the Treaty Arbitration and the associated Section 1782 discovery to proceed.

To date, three federal district courts have granted Chevron's similar applications directed to other witnesses connected to the Lago Agrio Litigation pursuant to Section 1782. On April 5, 2010, the United States District Court for the Southern District of Texas granted Chevron's application seeking discovery from 3TM Consulting, LLC, an environmental consulting firm retained by counsel for the plaintiffs in the Lago Agrio Litigation. Similarly, on March 4, 2010, the United States District Court for the District of Colorado granted Chevron's application seeking discovery from Stratus Consulting, another environmental consulting firm retained by counsel for the plaintiffs and who either drafted sections of a supposed damage assessment by a purportedly neutral and independent expert, Richard Stalin Cabrera Vega ("Cabrera"), or provided its work to Cabrera for incorporation into his report.

On March 3, 2010 the United States District Court for the Northern District of Georgia granted Chevron's Section 1782 application seeking discovery from Dr. Charles Calmbacher, one of the Lago Agrio plaintiffs' judicial inspection experts. Pursuant to the Court's order, Dr. Calmbacher was deposed on March 29, 2010 and testified that he did not draft, nor did he authorize the filing of, two judicial inspection reports submitted by the Lago Agrio plaintiffs in his name.

Gibson, Dunn & Crutcher LLP

2

EX PARTE APPLICATION FOR ORDER UNDER 28 U.S.C. § 1782 PERMITTING CHEVRON CORPORATION TO ISSUE A SUBPOENA FOR THE PRODUCTION OF A DOCUMENTS AND TESTIMONY FROM NETFLIX

1  Chevron thus respectfully requests that this Court grant its Application for an Order granting
2  Chevron leave to serve Netflix with the subpoena annexed to the Declaration of Scott A. Edelman as
3  Exhibit A.

5  DATED: April 9, 2010

GIBSON, DUNN & CRUTCHER LLP
SCOTT A. EDELMAN
ANDREA E. NEUMAN

By: _____
Scott A. Edelman

Attorneys for Applicant
CHEVRON CORPORATION

100839546_2.DOC

Gibson, Dunn &
Crutcher LLP

3

EX PARTE APPLICATION FOR ORDER UNDER 28 U.S.C. § 1782 PERMITTING CHEVRON CORPORATION
TO ISSUE A SUBPOENA FOR THE PRODUCTION OF A DOCUMENTS AND TESTIMONY FROM NETFLIX